UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **CHRISTOPHER CHANDLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 18-cv-02136 (APM)** |
| | ) | |
| **DONALD BERLIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Defendants Donald Berlin and Investigative Consultants, Inc. (collectively, "Defendants"), move to strike certain allegations from Plaintiff Christopher Chandler's Complaint. Defs.' Emergency Mot. to Strike, ECF No. 4 [hereinafter Defs.' Mot.]; Defs.' Mem. of Law in Supp. of Defs.' Mot., ECF No. 4-1 [hereinafter Defs.' Mem.]. For the reasons stated below, Defendants' Motion is granted in part and denied in part.

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An allegation is "immaterial" or "impertinent" "when it is not relevant to the resolution of the issue at hand." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004). "Scandalous" matter refers to "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (internal quotation mark omitted). Although motions to strike are generally disfavored, a court has "liberal discretion" to strike such matter as it deems appropriate. *Id.* (quoting *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

This is a libel case, and libel plaintiffs often feel deeply wronged because of the damage inflicted on their reputation and standing in the community as a result of allegedly false statements published by the defendant.  But that sense of aggrievement is not a license to draft a nasty and snide complaint of the kind filed in this case.  One of the plain purposes of Plaintiff's Complaint is to embarrass and humiliate Defendant Berlin.  How else to explain the inclusion of the photograph in the very first paragraph of the Complaint?  *See* Compl., ECF No. 1, ¶ 1.  The photograph has absolutely no relevance to the events in question, and its incorporation into the pleading is beneath the dignity of this court.

Another clear objective of the Complaint is to cast Berlin in a sinister and pernicious light.  Why else use the hyphenated descriptor contained in the third sentence in the first paragraph and include similar such references elsewhere in the Complaint?  *See id.* ¶¶ 1, 20, 27.  That characterization is based on no more than a single, passing reference to Berlin in a 15-year-old news article.  *See id.* ¶ 27 & n.13; Notice of Submission, ECF No. 2, Ex. 7, ECF No. 2-7.  The cited article contains no substantiation of the claimed connection between the article's subjects and an alleged crime organization, let alone facts that would tie Berlin to such an organization. The characterization in question may be rooted in some public allegation, but its use here has no valid purpose.[1]

The Complaint also seeks to create a caricature of Berlin as devious and deceitful.  Why else repeatedly highlight misdemeanor convictions[2] that post-date the events in question by a decade, when the offense conduct does not necessarily bare on Berlin's character for truthfulness

---

[1] The same holds true for the allegation contained in paragraph 26.

[2] It is not clear to the court whether Berlin was convicted of one or two misdemeanor theft offenses, but the actual number is not relevant.  *Compare* Compl. ¶ 1 n.1 (referencing two counts of larceny but noting the "charges were dismissed"), *and id.* ¶ 33 (referencing two counts of larceny and a subsequent pickpocketing incident), *with* Defs.' Mem. at 7 (admitting pleading to one charge but noting dismissal of the other).

and honesty?  *See id.* ¶¶ 1, 20, 33.  Without more detail concerning the offenses, Plaintiff is wrong

to suggest that Berlin's convictions will be admissible under Federal Rule of Evidence 609(a)(2),

*see* Pl.'s Opp'n to Defs.' Mot., ECF No. 12, at 9–10.  *Cf. United States v. Crawford*, 613 F.2d

1045, 1049 (D.C. Cir. 1979) (holding that shoplifting is not a crime of dishonesty or false

statement); *United States v. Fearwell*, 595 F.2d 771, 776 (D.C. Cir. 1978) (reaching same

conclusion for petit larceny).

      Finally, in keeping with Plaintiff's efforts to embarrass and humiliate Defendant Berlin,

the Complaint gratuitously takes a swipe at Berlin's spouse, implying that she is, at best, ashamed

of her husband or, at worst, complicit in his affairs.  *See* Compl. ¶ 34.  What other end could be

served by identifying her by name and attaching page after page of her Facebook postings?  *See*

Notice of Submission, Ex. 8, ECF No. 2-8.  Does the fact that Ms. Berlin regularly posts about

books, positive messages, and the benefits of yoga, but not about her husband or his business,

make it more likely that her husband made libelous statements more than a decade ago?  Such

innuendo has no place in Plaintiff's Complaint.

      The only allegations that Defendants seek to strike that are arguably relevant to Plaintiff's

libel claims concern the grammar and spelling errors in the "Pitch."  *See* Compl. ¶ 32.  Such sloppy

drafting arguably is relevant to proving actual malice.  *Cf. id.* ¶ 83 (alleging that Defendants "acted

with actual malice").  But even as to these allegations, Plaintiff cannot resist using demeaning

language, as reflected in the second clause of the first sentence of paragraph 32.  Don't the

typographical errors speak for themselves?  Why the need to demean?

      For the foregoing reasons, the court orders stricken from the Complaint those allegations

and exhibits listed on pages 2 and 3 of Defendants' Memorandum of Law in Support of their

Motion to Strike, except paragraph 32, as to which only the second clause of the first sentence is

stricken.  *See* Defs.' Mem. at 2–3; *Pigford*, 215 F.R.D. at 5 (striking pleading from the record).

To effectuate the court's rulings, the clerk of the court shall seal the following documents: (1) the

Complaint, ECF No. 1; (2) Defendants' Emergency Motion, ECF No. 4, and Reply in Support,

ECF No. 13; and (3) Plaintiff's Opposition, ECF No. 12.  *See* Fed. R. Civ. P. 5.2(d) (authorizing

court to place filings under seal).  No later than October 22, 2018, the parties shall file redacted

versions of the foregoing documents that strike the "immaterial, impertinent, or scandalous matter"

discussed above.

Dated:  October 16, 2018                                    Amit P. Mehta
                                                            United States District Judge