# Exhibit C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# Case No. 1:18-cv-02136-APM

| | |
|---|---|
| CHRISTOPHER CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>DONALD BERLIN, *et al.*,<br><br>Defendants. | **Declaration of Daniel P. Watkins** |

I, Daniel P. Watkins, declare and say as follows:

1. I am of sound mind and make this declaration on personal knowledge. I am competent to testify as to the facts contained herein.

2. I am a member in good standing of the bar of the Commonwealth of Virginia. I am an associate at Clare Locke LLP, located at 10 Prince Street, Alexandria, Virginia, 22314. Clare Locke LLP represents the plaintiff, Christopher Chandler, and I am one of the counsel of record for Mr. Chandler in this action.

3. On November 8, 2018, Plaintiff submitted my declaration to this Court to authenticate exhibits filed with Plaintiff's Opposition to the Defendants' Motion to Dismiss, or in the alternative, Summary Judgment. In my declaration, I authenticated several of Robert Eringer's publications.

4. Following the Court's April 9, 2019 Order permitting limited discovery related to Defendants' statute of limitations affirmative defense, on May 3, 2019, my office issued a *subpoena duces tecum* to Robert Eringer. We first attempted to serve him at his last known address, 1120 Coast Village Road, #302, Santa Barbara, CA 93108. But our research revealed that Eringer recently sold that property in March of 2019.

5. After completing a background check on Eringer, we learned that Eringer had registered multiple addresses. Public records show that Eringer lists a UPS store as his place of residence on his official driver's license with the State of California.

6. On or about June 11, 2019, I received an unsolicited package via U.S. Mail from Robert Eringer with the return address of a post office located in Los Alamos, California. The package included a copy of Eringer's latest, yet-to-be published book, with a handwritten inscription directed to me. It read: "To Daniel – My most faithful (if paid) reader, Best, R."



7. I have communicated with Eringer's counsel of record in an unrelated action and requested that he accept service on Eringer's behalf, but counsel has refused to do so.

8. On July 14, 2019, we learned that Eringer would be hosting a book signing on July 17, 2019, for his upcoming book in Solvang, California. Our office issued a deposition subpoena and arranged for a process server to attend the book signing to serve Eringer.

9. But on July 17, 2019, the process server arrived at the book signing, only to

discover that Eringer had canceled the signing at the last minute.

10. Since May 31, 2019, my office has retained several private investigators—including a former CIA agent—who have spent more than 50 hours searching Santa Barbara and neighboring cities to locate Eringer. We have also conducted thorough research utilizing public records and proprietary search databases. In spite of these efforts, we have been unable to locate or serve Eringer.

11. Based on the above facts, I believe that Eringer is monitoring the docket in this action, knows we are attempting to contact him, and has taken proactive steps to frustrate our efforts to serve him.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 6, 2019

                                                            Daniel P. Watkins