# Exhibit 11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER CHANDLER,** | |
| **Plaintiff,** | No.1:18-cv-02136-APM |
| v | Hon. Amit P. Mehta |
| **DONALD BERLIN,** *et al.*, | |
| **Defendants.** | |

## ANSWER OF DEFENDANTS
## TO THE REDACTED COMPLAINT

Defendants Donald Berlin, Investigative Consultants, Inc. (an Illinois corporation), and Instigative Consultants, Inc., of Washington, D.C. (a Wisconsin corporation) (collectively, the "ICI Companies" or "Defendants") answer Plaintiff's Redacted Complaint as follows:[1]

1-4. Defendants deny the allegations of Paragraphs 1 through 4 of the Redacted Complaint. Without limiting the generality of these denials, Defendants expressly deny that Exhibit 1 to the Redacted Complaint is a "pitch" of any kind. That document is a Limited Global Scan (the "Limited Report"), which reports on information available from various open source databases. It was provided to Robert Eringer with the understanding that its contents had to be verified before they could be relied upon. Mr. Berlin was not asked to verify

---

[1] Although plaintiff originally named four companies as defendants, there are only two corporations through which Mr. Berlin has operated his business: Investigative Consultants, Inc., an Illinois corporation, and Investigative Consultants, Inc., a Wisconsin corporation. Plaintiff also sued an unrelated Virginia corporation but voluntarily dismissed his Complaint against that company.

the contents of the Limited Report and therefore deny the Limited Report inaccurately reports any open source information available at the time the Limited Report was drafted. Defendants incorporate this paragraph into every paragraph of this answer responding to any allegation referring to a "pitch," and responding to any allegation that the contents of the Limited Report are false.

5. Defendants deny intending to falsely accuse the Chandler brothers of anything, and otherwise deny knowledge or information sufficient to form a belief as to the truth of paragraph 5 of the Redacted Complaint. To the extent any allegation is not otherwise addressed by this response, Defendants deny same.

6. Defendants deny the allegations of paragraph 6 of the Redacted Complaint.

7. Defendants admit that the Limited Report contains a description of a dispute between CAI and NRB, deny that it inaccurately reports then available open source information, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Redacted Complaint.

8. Defendants deny the allegations paragraph 8 of the Redacted Complaint.

9. Defendants deny the allegations of the first and last sentences of paragraph 9 of the Redacted Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations of the remainder of that paragraph.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Redacted Complaint.

11. Defendants admit that Mr. Berlin gave a copy of the Limited Report only to Eringer and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Redacted Complaint.

12-13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12 and 13 of the Redacted Complaint.

14. Defendants deny the allegations of paragraph 14 of the Redacted Complaint.

15. Defendants admit the allegations of paragraph 15 of the Redacted Complaint.

16. Defendants admit that this Court has personal jurisdiction over them in this matter, that they have transacted business in the District of Columbia, and deny the remaining allegations of paragraph 16 of the Redacted Complaint.

17-18. Defendants admit the allegations of paragraphs 17 and 18 of the Redacted Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Redacted Complaint, except that they are aware of published reports that plaintiff is a citizen of Malta or purchased a Maltese passport.

20. Defendants admit that Mr. Berlin is the principal, owner, and registered agent of the ICI Companies, deny that any web of companies exists, and otherwise admit the allegations of Paragraph 20 of the Redacted Complaint.

21. Defendants admit the allegations of paragraph 21 of the Redacted Complaint.

22. Defendants admit the allegations of paragraph 22 of the Redacted Complaint.

23. Defendants deny the allegations of paragraph 23 of the Redacted Complaint.

24. Defendants deny the allegations of the last sentence of paragraph 24 of the Redacted Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 24 of the Redacted Complaint.

25. Defendants admit that Mr. Berlin has owned and operated corporations doing business under the ICI name since 1977 and deny the remaining allegations of paragraph 25 of the Redacted Complaint.

28-29. Defendants deny the allegations of paragraphs 28 and 29 of the Redacted Complaint.

30. Defendants admit the allegations of paragraph 30 of the Redacted Complaint.

31. Defendants deny Kimberley Berlin provides part time support to ICI and otherwise admit the allegations of Paragraph 30 of the Redacted Complaint.

32. Defendants deny the allegations of paragraph 32 of the Redacted Complaint.

35-36. Defendants deny knowledge or information sufficient to form a belief as t the truth of the allegations in paragraphs 35 and 36 of the Redacted Complaint.

37. Defendants admit that Mr. Berlin knew Eringer before 2002 and otherwise deny the allegations of paragraph 37 of the Redacted Complaint..

38. Defendants admit Eringer asked ICI to conduct a limited background investigation using open source information, and otherwise deny the allegations of Paragraph 38 of the Redacted Complaint.

39. Defendants deny the allegations of paragraph 39 of the Redacted Complaint except the admit that paragraph contains an accurate paragraph from its current web site.

40-41. Defendants deny the allegations of paragraphs 40 and 41 of the Redacted Complaint.

42. Defendants aver that the Limited Report accurately reported open source information and otherwise deny knowledge or information sufficient to form a belief as to the truth of paragraph 42 of the Redacted Complaint.

43. Defendants admit that paragraph 43 of the Redacted Complaint accurately quotes portions of the Limited Report, while omitting other portions, and otherwise deny the allegations of that paragraph.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Redacted Complaint.

45-46. Defendants deny the allegations of paragraphs 45 and 46 of the Redacted Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Redacted Complaint.

48. Defendants aver that the Limited Report accurately reported open source information and otherwise deny knowledge or information sufficient to form a belief as to the truth of paragraph 48 of the Redacted Complaint.

49-55. Defendants aver that the Limited Report accurately reported open source information and otherwise deny knowledge or information sufficient to form a belief as to the truth of paragraph 48 of the Redacted Complaint.

56. Defendants deny the allegations of paragraph 56 of the Redacted Complaint.

57-58. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 57 and 58 of the Redacted Complaint.

59. Defendants deny the allegations of paragraph 59 of the Redacted Complaint.

60. Answering paragraph 60, Defendants incorporate by reference their responses to paragraphs 1 through 59 of the Redacted Complaint.

61. Defendants deny the allegations of paragraph 61 of the Redacted Complaint.

62. Defendants admit that Mr. Berlin privately sent the Limited Report to Eringer on or about February 24, 2003, and admit that Mr. Berlin gave the report to no one other than Eringer. Defendants deny that Eringer's allegations about plaintiff were not publically available, published online, or published by any media before May 2018. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the reminder of paragraph 62 of the Redacted Complaint.

63. Although Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 63 of the Redacted Complaint, they do not contest those allegations. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

64. Defendants admit that the quoted phrases in the first sentence of paragraph 64 of the Redacted Complaint appear in the Limited Report, aver that the Limited Report accurately reported open source information, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph.

65. Defendants admit that there are statements "of or concerning" plaintiff in the Limited Report, aver that the Limited Report accurately reported open source information, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 65 of the Redacted Complaint and deny the remaining allegations of that paragraph.

66-67. Defendants aver that the Limited Report accurately reported open source information and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 66 and 67 of the Redacted Complaint.

68-73. Defendants deny the allegations of paragraphs 68 through 73 of the Redacted Complaint.

74. Answering paragraph 74, Defendants incorporate by reference their responses to paragraphs 1 through 73 of the Redacted Complaint.

75. Defendants deny the allegations of paragraph 75 of the Redacted Complaint.

76. Defendants admit the allegations of paragraph 76 of the Complaint.

77. Defendants aver that the Limited Report accurately reported open source information, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Redacted Complaint.

Case 1:18-cv-02136-APM Document 26 Filed 04/17/19 Page 8 of 10

78. Although Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 78 of the Redacted Complaint, they do not contest those allegations. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

79-82. Defendants aver that the Limited Report accurately reported open source information and otherwise deny knowledge or information sufficient to form a belief as to the truth of paragraphs 79-82 of the Redacted Complaint

83-88. Defendants deny the allegations of paragraphs 83-88 of the Redacted Complaint.

## **Affirmative Defenses**

1. The Redacted Complaint fails to state a clam upon which relief can be granted.

2. Plaintiff's claims are barred by the one-year statute of limitations in District of Columbia Code § 12-301(4).

3. Plaintiff's claim for punitive damages is barred, in whole or in part, by the Due Process Clause of the Fifth Amendment.

4. Because Mr. Chandler is a public figure, his claims must be dismissed because Defendants did not act with malice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request the Court to enter judgment in their favor dismissing this action with prejudice, awarding them their costs and attorneys fees, and granting such other and further relief as the Court deems just and proper.

April 17, 2019                                Respectfully submitted,

*Steve Oster*

John P. Dean
D.C. Bar No. 362904
Steven M. Oster
D.C. Bar No. 376030

**OSTER LAW FIRM**
1320 19th Street N.W., Suite 601
Washington, D.C. 20036
(202) 596-5291 (p)
(202) 747-5862 (f)
steve@osterlawfirm.com

*Counsel to Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer to the Redacted Complaint was filed using the Court's CM/ECF system and thereby served on counsel of record.

April 17, 2019                             *Steve Oster*
                                           Steven M. Oster