UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CHRISTOPHER CHANDLER,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-cv-02136 (APM) |
| **DONALD BERLIN, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

**I.**

Plaintiff Christopher Chandler seeks leave to amend his original complaint in multiple ways. Pl.'s Mot. for Leave to File the Am. Compl., ECF No. 74 [hereinafter Pl.'s Mot.]. First, he wishes to add a new defamation claim concerning statements Defendants made to Robert Eringer in 2022 in a document the parties call "the Proposal." Pl.'s Mot., Ex. A, Proposed First Am. Compl., ECF No. 74-2, ¶¶ 4, 87–101 [hereinafter Proposed First Am. Compl.]. Second, Plaintiff asks to increase his demand for compensatory damages from $10 million to $12.5 million. *Id*. at 29. Finally, Plaintiff seeks to include allegations regarding republications of "the Pitch," the record that forms the basis for Plaintiff's existing claims. *Id.* ¶¶ 55–57. Defendants oppose the motion. Defs.' Mem. of P&A in Opp'n to Pl.'s Mot., ECF No. 80 [hereinafter Defs.' Mem.].

**II.**

A motion seeking leave to amend a complaint after the court-ordered deadline to amend has passed is governed by Federal Rule of Civil Procedure 16. *In re Papst Licensing GmbH & Co.*

*KG Litig.*, 762 F. Supp. 2d 56, 59 (D.D.C. 2011).[1]  Under Rule 16(b), a court's "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause-standard requires the movant to "show that the deadlines cannot reasonably be met despite [its] diligence."  *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (quoting *S & W Enters., LLC v. SouthTrust Bank*, 315 F.3d 533, 535 (5th Cir. 2003)) (internal quotation marks omitted).  Rather than focusing on "the substance of the proposed amendment," the court must assess "the reasons the plaintiff has given for his delay . . . ."  *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008).  If the movant "could not have known material information until shortly before moving to amend his complaint, he would present a compelling argument that he had acted with diligence."  *Richardson v. Yellen*, 323 F.R.D. 444, 447 (D.D.C. 2018).  "In addition to diligence, the movant should also show lack of prejudice to the opposing parties."  *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013).

### III.

#### A.

Plaintiff's motion comes months past the deadline to amend pleadings.  The court set September 27, 2021, as the initial deadline for amendments, and later extended it to October 12, 2021, upon Defendants' motion.  Order, ECF No. 53; Minute Order, Sept. 24, 2021.  Discovery concluded some ten months later on August 19, 2022.  Plaintiff filed his motion for leave to amend on September 7, 2022.

---

[1] Plaintiff argues that the more generous standard for amending a pleading under Federal Rule of Civil Procedure 15 applies to his motion.  *See* Pl.'s Mot. at 15.  It does not.  To accept Plaintiff's position "would allow Rule 16's standards to be 'short circuited' by those of Rule 15 and would allow for parties to disregard scheduling orders, which would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'"  *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).

Plaintiff produced the Proposal to Defendants for the first time in October 2021. Pl.'s Mot. at 12; Defs.' Mem. at 9–10, 15–16. He acknowledges receiving the Proposal eleven months before seeking leave to amend, but nevertheless argues that he acted diligently because he filed his motion three weeks after the deposition of Defendant Donald Berlin. Plaintiff says that Berlin's deposition testimony was required to verify the authenticity, authorship, and completeness of the Proposal. He points to pagination issues with the document, as well as Berlin's 2018 declaration stating that the Pitch was the sole document about Plaintiff that he had published to Eringer, as reasons he needed to depose Berlin before moving to amend. Pl.'s Reply in Support of Pl.'s Mot., ECF No. 82, at 6–12 [hereinafter Pl.'s Reply].

But Plaintiff had all the information he needed to connect Berlin to the Proposal months before deposing him. Plaintiff deposed Eringer on February 22, 2022. Eringer testified that Berlin transmitted the Proposal to him in October 2002, thus confirming both its authenticity and authorship. Dep. of Robert Eringer, ECF No. 82-6, at 10:15–11:11. He further stated that the reason for certain missing pages was likely "because they have nothing to do with this case," thereby explaining the discrepancy in pagination. Dep. of Robert Eringer, ECF No. 75-6, at 102:12–13; *see also id.* at 102:1–19. So, as of late February 2022, Plaintiff had the facts he needed to add a new defamation claim based on the Proposal. Yet, he waited another six months before doing so. Such an unexplained time lag establishes a lack of diligence. *See United States v. Eisenberg*, 149 F. Supp. 3d 71, 86 (D.D.C. 2015) (holding that the defendant had not exercised sufficient diligence when he sought to amend his amend his answer six months after learning the new information); *Richardson*, 323 F.R.D. at 447 (holding that the plaintiff was not diligent where he "could have raised this issue [more than 5 months] earlier but failed to do so"). The court

3

therefore denies Plaintiff leave to add a defamation claim based upon Berlin's alleged publication of the Proposal to Eringer in 2002.[2]

**B.**

Plaintiff's proposed amended complaint also seeks to increase the demand of the compensatory damages sought. He does not, however, offer any explanation for why he waited until after the close of discovery to do so. *See Eisenberg*, 149 F. Supp. 3d at 86 (denying leave to amend where plaintiff did not offer explanation for the delay). To the extent that the revised demand is based on additional republications of information contained in the Pitch or the Proposal, that information was available to Plaintiff after Eringer's deposition. *See supra* Section III.A. Plaintiff thus was not diligent in seeking to increase the amount of claimed damages.

The court also agrees with Defendants that allowing amendment would cause prejudice. The significant increase in actual damages (over $2.5 million) would require, at the very least, further questioning of Plaintiff. The court is not prepared to reopen discovery, even for this limited purpose, when Plaintiff has offered no reason for the delay in proposing amendment or an explanation for the enhanced damages award. *See Wallace v. AlliedBarton Sec. Servs., LLC*, 309 F.R.D. 49, 52–53 (D.D.C. 2015) (denying leave to amend where amendment would require reopening discovery and delay adjudication of claims in the original complaint).

**C.**

Finally, Plaintiff seeks to incorporate additional factual allegations into his first defamation claim. Plaintiff wishes to allege that Berlin composed the Pitch specifically for Eringer's "ultimate client," Prince Albert II of Monaco; Berlin knew that Eringer was not working alone; and Eringer shared the Pitch with Prince Albert. Proposed First Am. Compl. ¶¶ 55–57. These allegations,

---

[2] The denial of leave to amend should not be construed as a judgment on whether evidence relating to the Proposal would be admissible at a trial to prove up liability with respect to allegedly defamatory matter contained in the Pitch.

Plaintiff claims, would establish Defendants' liability for Eringer's republication of the Pitch to Prince Albert, because such republication was reasonably foreseeable. *Id*.

The court will permit Plaintiff to make those amendments—even though no amendment is required. Under District of Columbia law, a defendant is liable for damages arising from foreseeable republications of their defamatory statements. *Ingber v. Ross*, 479 A.2d 1256, 1269–70 (D.C. 1984) (stating that damages for repetition of *per se* slander lie where "repetition was a reasonable and foreseeable consequence" of the slander and there is a showing of "special harm"); *see also Oparaugo v. Watts*, 884 A.2d 63, 72–73 (D.C. 2005). Thus, Defendants should have known that they could be liable not only for the original publication of the Pitch to Eringer, but also any other publications reasonably foreseeable to them. They cannot claim surprise now that discovery has borne out an alleged republication.

Moreover, Defendants had *actual* notice from the outset that Plaintiff believed that Eringer had republished defamatory material from the Pitch to Prince Albert. Plaintiff's original complaint alleged that "Eringer used the fake information in Berlin's Pitch as the basis for the Eringer Report, and gave the Eringer Report to the Prince of Monaco." Redacted Compl., ECF No. 20, ¶¶ 10, 54. Defendants thus knew that Plaintiff would seek to prove that Eringer had passed on defamatory statements from the Pitch to Prince Albert. Therefore, there is nothing improper or prejudicial about Plaintiff asking to amend the complaint to allege that "Eringer shared the Pitch [itself] with Prince Albert II." Proposed First Am. Compl. ¶ 57.

## IV.

For the reasons stated, the court denies in part and grants in part Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 74. Additionally, the court grants Defendants'

5

Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint, ECF No. 83.

Dated: September 5, 2023

_____
Amit P. Mehta
United States District Court Judge