UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER CHANDLER,** <br><br> Plaintiff, <br><br> v. <br><br> **DONALD BERLIN, et al.,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 18-cv-2136 (APM) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PRETRIAL SCHEDULING ORDER

Pursuant to the Status Conference held on September 20, 2023, the court hereby orders as follows with respect to further proceedings in this matter:

I. <u>Scheduling</u>.

A. Motions in limine are due by **March 1, 2024.**

B. Oppositions to motions in limine are due by **March 18, 2024.**

C. Replies in support of motions in limine are due by **March 25, 2024.**

D. The parties shall file their Joint Pretrial Statement by **April 1, 2024.**

E. A Pretrial Conference is scheduled for **April 8, 2024, at 10:00 a.m.** in Courtroom 10; and

F. Trial is scheduled to begin **April 22, 2024, at 9:30 a.m.** in Courtroom 10. **The parties may not extend any deadline by stipulation; instead, the parties shall seek extensions by motion. Consent motions are generally looked upon with favor by the court. Motions to extend deadlines shall indicate whether any previous extensions were requested.**

II. <u>Joint Pretrial Statement</u>

    A.    The parties are required to file a Joint Pretrial Statement by **April 1, 2024**. The Joint Pretrial Statement shall be prepared in accordance with Local Civil Rule 16.5 (except those provisions that provide for the filing of separate Pretrial Statements) and shall be filed electronically via ECF. Separate Pretrial Statements may be struck, sua sponte.

    B.    Attached as Appendix A is a list of the court's standard voir dire questions, with questions added that are relevant to this case. In the Joint Pretrial Statement, the parties shall state (1) any objections to the court's voir dire questions; (2) any modifications to the court's voir dire questions; and (3) any additional proposed questions. If a party objects to a proposed modification or additional question, that party shall state the grounds for the objection.

    C.    The Joint Pretrial Statement also shall contain the parties' proposed jury instructions. The parties shall provide the court with a list of all standard jury instructions from the "Blue Book" (Richard W. Stevens, *Standardized Civil Jury Instructions for the District of Columbia* (May 2016 ed.)) that they wish to include in the final instructions. The parties need not submit the full text of any standard jury instruction, but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include.

        As to each non-standard jury instruction, the sponsoring party shall cite legal authority for the proposed instruction, and the non-sponsoring party shall state any objection to the instruction, including any proposed modifications.

    D.    On or before **March 1, 2024**, the parties shall meet and confer to begin preparing the Joint Pretrial Statement. At the meeting, the parties shall discuss and attempt to resolve all objections to exhibits (including as to authenticity) and any anticipated motions in limine.

    E.    If the parties are unable to resolve any disputes about the admissibility of evidence during their meet-and-confer session, the objecting party shall come to the Pretrial Hearing prepared to raise the objection. If the objection concerns the admissibility of a document, then the objecting party shall bring a hard copy of the document to the Pretrial Conference.

    F.    A party's failure to object to an exhibit at the Pretrial Hearing constitutes waiver of the objection. **Exhibits without objections identified in the Pretrial Statement are presumptively admitted**.

III.  Settlement

The parties are expected to continue to evaluate their respective cases for purposes of settlement. The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If the parties are interested in further pursuing these options, they may contact Chambers at any time.

Dated: September 21, 2023

Amit P. Mehta
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER CHANDLER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DONALD BERLIN et al.,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Case No. 18-cv-2136 (APM)<br>)<br>)<br>)<br>)<br>) |

### APPENDIX A: PROPOSED VOIR DIRE

1. This is a civil case entitled *Chandler v. Berlin*. Plaintiff Christopher Chandler alleges that Defendant Donald Berlin and his associated companies defamed Mr. Chandler by publishing false information about him to a third parties, including Robert Eringer and Prince Albert II of Monaco. Do you know or have you heard anything about this case?

2. The plaintiff in this case is Christopher Chandler. He is represented by Megan Lambart Meier and Daniel P. Watkins. The defendant is Donald Berlin, who is the principle owner of Investigative Consultants, Inc. He is represented by John Patrick Dean, Steven Michael Oster, and William Henry Shawn. Do you know any of the people or companies that I have just named?

3. [Each side will introduce its witnesses by name, general area of residence, and employment.] Do you know any of the witnesses that have been introduced to you?

4. [The next four questions relate to you, members of your immediate family, and close personal friends.] Does anyone in that group now work for, or has anyone in that group ever worked for, a private investigator or in the field of private intelligence gathering?

5. Has any member of that group ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

6. Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

7. Has any member of that group ever filed, or considered filing, a lawsuit based on a false statement published or made about them by someone else?

8. Has any member of that group ever been sued, or faced the possibility of a lawsuit, for allegedly publishing or making a false statement about another person?

9. [The following questions relate only to you.] Have you ever worked in the field of journalism?

10. Do you have such strong opinions or feelings about the laws concerning defamation, libel, or slander that might prevent you from fairly and impartially deciding the issues, or awarding damages to a person who brings that kind of case and prevails?

11. Please look around the room. Do you know any other member of the jury panel?

12. Have you served as a juror before, either in civil case, criminal case, or on a grand jury?

13. Would serving as a juror in this case be an extreme hardship to anyone [discuss schedule]. Would serving on the jury present an extreme hardship? That question includes whether you have any health or physical problem that would make it difficult to serve on this jury? Professional or work obligations usually do not qualify as extreme hardship.

15. My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or

philosophical reason that you believe would make it hard for you to be fair.  In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?