# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER CHANDLER, | ) |
| | ) |
| *Plaintiff*, | ) **Case No. 1:18-cv-02136-APM** |
| | ) |
| v. | ) |
| | ) |
| DONALD BERLIN, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

# ERRATA

Plaintiff respectfully submits corrected versions of pages i, ii, iv, 2, 3, 5, and 7 of his Supplemental Brief in Support of Summary Judgment That He Is A Private Figure (Dkt. 110). A non-redlined copy of Plaintiff's supplemental brief, reflecting the corrections below, is attached.

Dated: December 11, 2023                                  Respectfully Submitted,

/s/ Mark Thomson
Megan L. Meier (DC Bar No. 985553)
Daniel P. Watkins (*pro hac vice*)
Mark Thomson (DC Bar No. 1048004)
MEIER WATKINS PHILLIPS PUSCH LLP
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 318-3655
Email: megan.meier@mwpp.com
Email: daniel.watkins@mwpp.com
Email: mark.thomson@mwpp.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTOPHER CHANDLER, ) | |
| ) | |
| *Plaintiff,* ) | **Case No. 1:18-cv-02136-APM** |
| ) | |
| v. ) | |
| ) | |
| DONALD BERLIN, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

**CHRISTOPHER CHANDLER'S SUPPLEMENTAL BRIEF IN SUPPORT OF SUMMARY JUDGMENT THAT HE IS A PRIVATE FIGURE**

Formatted: Font: 12 pt

Megan L. Meier (DC Bar No. 985553)
Daniel P. Watkins (*pro hac vice*)
Mark Thomson (DC Bar No. 1048004)
MEIER WATKINS PHILLIPS PUSCH LLP
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 318-3655
Email: megan.meier@mwpp.com
Email: daniel.watkins@mwpp.com
Email: mark.thomson@mwpp.com

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... iii

**INTRODUCTION**..................................................................................................................... 1

**LEGAL STANDARD**............................................................................................................... 2

**ARGUMENT**............................................................................................................................. 3

    I.      The Public Controversies Berlin Has Identified Are Extraordinarily Broad. . 3

    II.     Chandler Never Came Close to Attaining "Special Prominence" in the Controversies Berlin Identified. ............................................................................ 4

        A.    Chandler almost never appeared in the news, let alone "thrust himself to the forefront" of any of Berlin's international, public controversies. .................... 5

        B.    This case is materially distinguishable from every case in which D.C. courts have deemed businesspeople public figures. ........................................................ 7

        C.    Berlin's purported evidence falls well short of meeting his burden. ............. 15

    III.    The Court Need Not Address Whether Berlin's Defamatory Statements Were Germane to Chandler's Participation in the Public Controversies Berlin Has Identified. ................................................................................................................ 21

**CONCLUSION** ........................................................................................................................ 22

*Hutchinson v. Proxmire*,
   443 U.S. 111 (1979) ............................................................................................... 14, 20

*Jankovic v. Int'l Crisis Grp.*,
   822 F.3d 576 (D.C. Cir. 2016) ................................................. 2, 3, 5, 6, 8, 13, 16, 21

*Lohrenz v. Donnelly*,
   350 F.3d 1272 (D.C. Cir. 2003) ...................................................................... 5, 6

*McBride v. Merrell Dow & Pharms. Inc.*,
   717 F.2d 1460 (D.C. Cir. 1983) ...................................................................... 1, 6

*Moss v. Stockard*,
   580 A.2d 1011 (D.C. 1990) ................................................................................. 21

*Pearce v. E.F. Hutton Grp., Inc.*,
   664 F. Supp. 1490 (D.D.C. 1987) ..................................................... 13, 14, 15, 16, 20

*Salem Media Grp., Inc. v. Awan*,
   301 A.3d 633 (D.C. 2023) .......................................................................... 5, 6, 17

*Tavoulareas v. Piro*,
   817 F.2d 762 (D.C. Cir. 1987) ......................................................... 2, 3, 6, 11, 12, 13, 15, 16

*Waldbaum v. Fairchild Publ'ns*,
   627 F.2d 1287 (D.C. Cir. 1980) ................................................ 2, 3, 6, 9, 10, 13, 14, 15, 16, 18

*Wolston v. Readers Digest Ass'n, Inc.*,
   443 U.S. 157 (1979) ............................................................................ 5, 16, 20, 21

**Rules**

Fed. R. Civ. P. 56(e) ................................................................................................. 19

Fed. R. Evid. 801 ....................................................................................................... 20

**Other Authorities**

1 R. Smolla, Law of Defamation § 2:35 (2d ed.) ....................................................... 5

Restatement (Second) Agency § 2 cmt. c (1958) ..................................................... 20

occupying a prestigious position at a successful or even high-profile business.[7]  Besides, through summary judgment, Berlin failed to put forward any competent evidence that Sovereign itself achieved special prominence in a public controversy.

For those reasons, as elaborated below, this Court should hold that Chandler is a private figure, meaning he can recover in this action by showing that Berlin was negligent in publishing the Limited Report.

## **LEGAL STANDARD**

Whether a defamation plaintiff is a public figure is a highly fact-intensive inquiry that asks how a reasonable person would understand the totality of the facts.  *Fridman v. Orbis Bus. Intel. Ltd.*, 229 A.3d 494, 505 (D.C. 2020); *Waldbaum v. Fairchild Publ'ns*, 627 F.2d 1287, 1292 (D.C. Cir. 1980).  Ultimately, though, it's a question of law for the court to decide.  *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 585 (D.C. Cir. 2016).

"The term 'public figure' can be broken down into two categories: general purpose public figures and limited-purpose public figures."  *Fridman*, 229 A.3d at 504.  "A person becomes a general purpose public figure only if he or she is 'a well-known celebrity,' his name a household word.'"  *Tavoulareas v. Piro*, 817 F.2d 762, 772 (D.C. Cir. 1987) (internal quotation marks omitted).  No one—not even Berlin—contends that Chandler is, or ever has been, a general-purpose public figure.  (Dkt. 93 at 43-48.)

Thus, the only issue here is whether Chandler is a limited-purpose public figure.  The law presumes he is not, and so Berlin bears the burden of proving otherwise.  *See Foretich v. Cap. Cities/ABC, Inc.*, 37 F.3d 1541, 1553 (4th Cir. 1994); *Bruno & Stillman, Inc v.*

---

[7] *Waldbaum v. Fairchild Publ'ns*, 627 F.2d 1287, 1299 (D.C. Cir. 1980).

*Globe Newspaper Co.*, 633 F.2d 583, 592 (1st Cir. 1980). To carry that burden, Berlin must: (1) identify a public controversy in existence when he made the defamatory statements; (2) show that Chandler attained "special prominence" in the public debate over that controversy; and (3) show that the defamatory statements were germane to Chandler's participation in that controversy. *Tavoulareas*, 817 F.2d at 772-73; *Waldbaum*, 627 F.2d at 1296-97.

## ARGUMENT

Berlin cannot carry his burden of showing that Chandler is a limited-purpose public figure because Chandler never attained anything approaching "special prominence" in the sweeping public controversies Berlin previously identified.

**I.  The Public Controversies Berlin Has Identified Are Extraordinarily Broad.**

At summary judgment, Berlin identified three "public controversies": (1) "corrupt corporate management and shareholders' rights in Russia"; (2) "struggles to control Gazprom and Novolipetsk Steel"; and (3) "reform of the Russian economy." (Dkt. 93 at 33.)

Berlin's broad framing of the relevant controversies is consequential because, "where a controversy is defined broadly, that is balanced by the next step [in the limited-purpose-public-figure analysis], which requires that courts determine whether the plaintiff 'thrust himself to the forefront of the public controversy at issue.'" *Jankovic*, 822 F.3d at 586. "A broad controversy will have more participants, but few can have the necessary impact" to qualify as public figures for purposes of that controversy. *Waldbaum*, 627 F.2d at 1297 n.27.

3

A.   **Chandler almost never appeared in the news, let alone "thrust himself to the forefront" of any of Berlin's international, public controversies.**

To qualify as a limited-purpose public figure, a plaintiff "must have achieved a 'special prominence' in the debate" over the relevant public controversy. *Salem Media Grp., Inc. v. Awan*, 301 A.3d 633, 649 (D.C. 2023). And, almost without exception,[8] the plaintiff must attain this "position in the limelight" through "'purposeful action of his own.'" *Lohrenz v. Donnelly*, 350 F.3d 1272, 1280 (D.C. Cir. 2003) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974)). He must "thrust himself to the forefront of particular public controversies in order to influence the resolution of the issues involved,"[9] "invite attention and comment" from society,[10] "engage the public's attention in an attempt to influence [the] outcome" of a public dispute,[11] and "thrust himself into the vortex of th[e] public issue."[12] Whichever way the inquiry is framed, courts consistently emphasize three things: (1) deliberate conduct by the plaintiff, (2) that purposefully or foreseeably calls attention to him, personally, (3) in a way that vaults him, not just into a corner of the public consciousness, but to the forefront of an ongoing, public debate.

---

[8] The D.C. Circuit once found that a plaintiff qualified as an "involuntary, limited-purpose public figure." *Dameron v. Wash. Mag., Inc.*, 779 F.2d 736, 737 (D.C. Cir. 1985). It has never again done so. The *Dameron* decision—and the entire notion of involuntary, limited-purpose public figures—has been roundly panned by courts and commentators. *See* 1 R. Smolla, Law of Defamation § 2:35 (2d ed.) (collecting authorities). For present purposes, it suffices to note that Berlin has not argued that Chandler is an involuntary, limited-purpose public figure, and that any argument to that effect would fail for the same reasons Berlin's voluntary-limited-purpose-public-figure argument fails. *See Dameron*, 779 F.2d at 742 (plaintiff was an involuntary, public figure because his "name and likeness were often used" in reports about a plane crash).
[9] *Wolston v. Readers Digest Ass'n, Inc.*, 443 U.S. 157, 165 (1979).
[10] *Jankovic*, 822 F.3d at 585.
[11] *Ayala v. Washington*, 679 A.2d 1057, 1064 (D.C. 1996) (quoting *Gertz*, 418 U.S. at 352).
[12] *Gertz*, 418 U.S. 352.

5

public profile, which is part of the reason he was forced to manufacture false and defamatory allegations out of nothing. The Limited Report itself describes Chandler as "elusive" and "mysterious." (Dkt. 88-3 at 7.) And when, after receiving the Limited Report, Eringer prepared his own write-up on Chandler, it described Chandler as "intensely private," and "extremely low-profile." (Dkt. 88-11 at 4.)

Berlin's summary-judgment filings failed to show that Chandler had *any* prominence in public controversies, let alone "special prominence." And those filings also failed to show that Chandler involved himself publicly in *any* notable controversies, let alone that he thrust himself to the very "forefront" or "into the vortex" of such controversies. After five years of litigation and more than a year of painstaking discovery involving hundreds of thousands of pages of documents, Berlin failed to point to a single news report showing that Chandler, himself, was a well-known participant in any of the public controversies Berlin identified. This isn't just a case where the evidence narrowly fails to surmount the bar for public-figure status; the summary judgment record contained *no competent evidence whatsoever* that, before Berlin published his Limited Report, Chandler was a person of "special prominence." This is fatal to Berlin's argument that Chandler is a public figure.

### B. This case is materially distinguishable from every case in which D.C. courts have deemed businesspeople public figures.

D.C. courts have, on a few occasions, addressed the circumstances under which a businessperson can qualify as a public figure. Comparing the summary judgment record in this case with most of those only highlights the shortcomings in Berlin's contention that Chandler is a public figure.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court and served upon counsel of record through the CM/ECF system

By: <i>/s/ Mark Thomson</i><br>Mark Thomson