### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTOPHER CHANDLER,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. 1:18-cv-02136-APM** |
| | ) | |
| **DONALD BERLIN,** *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION FORSANCTIONS FOR DESTRUCTION OF ESI

Defendants Donald Berlin, Investigative Consultants, Inc., and Investigative Consultants of Washington, DC, Inc. ("Defendants") respectfully submit this response to Plaintiff's motion seeking sanctions for Mr. Berlin's alleged destruction of electronically stored information ("ESI"), on a messaging application called "Signal."[1] Plaintiff's motion should be denied because there is no evidence of such destruction. Although ***Mr. Watkins*** so testified, Mr. Berlin did not. Instead, he made clear that he ***stopped using the application*** that deletes all messages after September 11, 2018, when he first learned about Plaintiff's claims arising out of his conduct some seventeen years earlier. From that point forward, Mr. Berlin only used

---

[1] Signal has a feature that permits deletion of old messages after a set period of time. The version Mr. Berlin used allowed only one setting for all messages: save or delete. Because he routinely does work for the Department of Defense and communications related to those engagements are strictly controlled, he chose the "delete" option years before Mr. Chandler threatened Mr. Berlin and his wife.

Signal for communications with counsel that are privileged, and that Plaintiff is not entitled to review.

Even were that not the case, communications between a party and a witness in anticipation of litigation are work product. Fed. R. Civ. P. ("Rule") 26(b)(3). Mr. Chandler has not made a sufficient foundation to obtain such communications, even if they existed. Therefore, his motion must be denied.

## **ARGUMENT**

This motion is an effort to make a mountain out of a proverbial molehill. Signal is one of the messaging applications available to cell phone users in the United States and elsewhere. Mr. Berlin never testified that he used, or may have used, Signal for communications with Robert Eringer or otherwise involving this litigation after receiving Plaintiff's "demand" letter on September 11, 2018.

After nearly two days of questioning during which counsel repeatedly attempted to extract from Mr. Berlin some indication of wrongdoing, Mr. Berlin stated without qualification that he did not destroy any ESI after service of the Chandler demand. Indeed, there is no evidence he used Signal to communicate any relevant information before receipt of the demand:

11· BY MR. DEAN:

12· · · ·Q· · Mr. Berlin, what version of Signal is your

13· phone?

14· · · ·A· · Enterprise.

15· · · ·Q· · Does the Enterprise version of Signal

16· allow you to delete messages?

17· · · ·A· · Yes.

18· · · ·Q· · What choices does the Enterprise version

19· of Signal give you with respect to deleting

20· messages?

21· · · ·A· · To delete everything from every person and

22· every message or none.

23· · · ·Q· · And those are the only two choices?

24· · · ·A· · The way I've set it, yes.

25· · · ·Q· · Which choice have you selected on your

·1· phone?

·2· · · ·A· · To delete everything from all persons, all

·3· texts.

·4· · · ·Q· · Why did you pick that option?

·5· · · ·A· · Because I'm required to.

·6· · · ·Q· · Who requires you to do that?

·7· · · ·A· · My principal, if you will, government

·8· employer.

·9· · · ·Q· · When you say government lawyer, what do

10· you mean?

11· · · ·A· · Employer.

12· · · ·Q· · Apologize.· What is there about your

13· employment by the government that requires you to

14· delete all messages?

15· · · ·A· · There's certainly security considerations,

16· whereby if you're going to have a Signal and you're

17· going to be doing any kind of work that is on that

18· Signal you're required to delete everything.

19· · · ·Q· · Are you talking about security cleared

20· work?

21· · · ·A· · I'm not talking about classified work.

22· I'm talking about even if it is a lower level of

23· classification, if it's FOUO, if it's CUY.· Anything²

24· like that on any government matter has to be

25· deleted.

·1· · · ·Q· · It's a requirement of your security

·2· clearance, am I correct?

·3· · · ·A· · Correct.

·4· · · ·Q· · You used Signal to communicate with

·5· Mr. Oster and me regarding this case; is that

---

² These acronyms correspond to "For Official Use Only" and "Confidential Unclassified Information." For a summary of the requirements imposed on CUI by the Department of Defense, *see* "Quick" Reference Guide 13 (April 1, 2021), at:

https://www.dodcui.mil/Portals/109/Documents/Desktop%20Aid%20Docs/21-S-0587%20cleared%20CUI%20Quick%20Reference%20Guide%20Dec%202020.pdf?ver=MzU7WWsXpkBKMvpz5jX-SA%3d%3d

·6· correct?

·7· · · ·A· · Correct.

·8· · · ·Q· · Do you use it to communicate with anyone

·9· else regarding this case?

10· · · ·A· · No.

11· · · ·Q· · When did you stop using Signal to -- this

12· next question's going to put Mr. Oster and me aside,

13· so I don't have to keep saying it, but when did you

14· stop using Signal to communicate with anyone other

15· than Mr. Oster and me about this case or about

16· Mr. Chandler?

17· · · · · · MR. WATKINS:· Objection as to form and

18· · · ·foundation, you can answer.

19· · · ·A· · Shortly after the case was filed.

20· · · · · · MR. DEAN:· No more questions.

(Berlin Dep. 2:195:11-197:20).

By contrast, the testimony on which Mr. Chandler relies for his allegations is ambiguous at best, and amounts to putting words in Mr. Berlin's mouth at worst. For instance, Mr. Watkins referred to 2017 in several of his questions, thereby including up to 10 months of communications that were routinely deleted prior to Mr. Berlin's receipt of the demand letter (and therefore does not constitute spoliation of evidence):

·6· · · ·Q· · Did Mr. Eringer ever send you any images

·7· via Signal between 2017 and present?

·8· · · ·A· · I don't recall if he did.

·9· · · ·Q· · Did you ever send him any images via

10· Signal between 2017 and present?

11· · · ·A· · Again, I don't recall having done that.

12· · · · · · MR. OSTER:· You need on speak up a little

13· · · ·bit, Don.

14· · · ·A· · I apologize.· I don't recall having done

15· that.

16· · · ·Q· · Did you know that the defendants in this

17· case have an obligation to preserve documents that

18· could be related to litigation?

19· · · ·A· · Yes.

20· · · ·Q· · Do you agree with that?

21· · · ·A· · Yes.

(Berlin Dep. 2:226-21.)

　　　　Mr. Chandler also exaggerates Mr. Berlin's testimony, claiming it lost access to innumerable documents in the absence of any evidence that Mr. Berlin allowed a single discoverable document to be deleted:

12· · · ·Q· · Have you communicated with Mr. Eringer on

13· Signal since September of 2018?

14· · · ·A· · I don't recall when I last communicated

15· with him or since that day.· I don't recall.

16· · · ·Q· · But it's possible?

17· · · · · · MR. OSTER:· Objection to the form of the

18· · · ·question.

19· · · ·Q· · You can answer.

20· · · ·A· · Anything is possible.

21· · · ·Q· · So is it fair to say that you have

22· communicated with Mr. Eringer about Mr. Chandler on

23· Signal?

24· · · · · · MR. OSTER:· Object to the form, misstates

25· · · ·his testimony.

·1· · · ·Q· · You can answer.

·2· · · ·A· · That would not be fair.

·3· · · ·Q· · Why?

·4· · · ·A· · Because we could have communicated on many

·5· other issues including his just generally friendship

·6· conversations. · In other words, just chattery.

(Berlin Dep. 2:13:12-14:6).

       In sum, Mr. Berlin testified he was required to use Signal's auto-delete feature as a

government contractor with access to secure documents.[3] He stated he knew not to delete any

_____

[3] In fact, the use of Signal in any form has since been forbidden by Mr. Berlin's Security officer.

relevant documents once the litigation began. He never said he sent or received any discoverable document that was later deleted. And, he testified that after receiving Mr. Chandler's demand letter in September 2018, the only people he communicated with on Signal were his counsel.

Mr. Chandler spends a lot of time on testimony by one of his attorneys who apparently used Signal, visited the Apple Store, and on that basis offers her "opinion" of the options available to Signal users. He also introduces a declaration from a Signal representative taken from an unrelated Illinois case. (Docs. 126-1 and 126-6). This evidence proves nothing other than that Signal permits automatic deletion of messages, something Mr. Berlin freely admitted.[4]

Even if Mr. Berlin's testimony is deemed ambiguous, Mr. Chandler has not come close to finding that he "acted with intent to deprive [Mr. Chandler] of discoverable information." (Doc. 126 at 7). Nor does the record show Mr. Berlin intentionally or negligently destroyed, or allowed to be destroyed, any discoverable evidence. Even if Mr. Berlin's unambiguous testimony in response to Mr. Dean's questions, that he stopped using Signal except for attorney-client communications after September 11, 2018, is ignored, at most Mr. Chandler has shown that Mr. Berlin *might* have deleted "chattery" with Mr. Eringer.

---

[4] It is unclear whether these declarations are included in an attempt to show that Mr. Berlin could further modify his version of Signal to treat separate individuals' messages differently. If so, that opinion from Mr. Berlin's attorney and another case should be rejected since Mr. Berlin testified his "Enterprise" version of signal had only two choices: delete or keep forever. Neither affiant testifies as to the version of Signal Mr. Berlin used in 2018 (there have been different versions since 2014, and the auto-delete option apparently was introduced in 2016.) (Doc. 126-6 at ¶¶ 4-5.) The Court need not resolve this issue because neither affiant testifies as to the versions of Signal available to Mr. Berlin, the version on his phone in September 2018, and what his options were at that time.

Furthermore, even that is something to which Mr. Chandler would not have been entitled based on Rule 26 work product. Pursuant to Rule 26(b)(3)(A) "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Any communications between Mr. Berlin ("a party") and Mr. Eringer concerning the litigation occurring after receipt of the demand letter fits squarely within this definition. Since Mr. Chandler had the opportunity to depose both Messrs. Berlin and Eringer, Mr. Chandler cannot show it has " substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* at 26(b)(3)(A)(ii). Therefore even if there was "chattery" between Mr. Eringer and Mr. Berlin after receipt of the demand letter despite Mr. Berlin's testimony to the contrary, Mr. Chandler would have been entitled to its production.

Nor has Mr. Chandler sustained his burden of showing clear and convincing, or even a preponderance of the evidence showing, sanctionable conduct by Mr. Berlin. Pursuant to Rule 37(e)(1)-(2), a sanction for destruction of ESI requires a showing by clear and convincing evidence that (1) Mr. Chandler has been prejudiced by the purported deletion of Signal messages or that (2) Mr. Berlin acted with the intent to deprive Mr. Chandler of discoverable evidence. As the authority on which Mr. Chandler relies notes, if a sanction is to be imposed, the Court must "properly calibrate the scales to ensure that the gravity of an inherent power sanction corresponds to the to the misconduct" and the "propriety of any sanction should reflect the judicial system's strong presumption in favor of adjudication on the merits."

*Nunnally v. D.C.*, 243 F. Supp. 3d 55, 73 (D.D.C. 2017) (citing *Shepherd v. American Broadcasting Companies, Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995).

Pursuant to Rule 37(e) a threshold determination must be made as to whether the purportedly destroyed evidence "cannot be restored or replaced through additional discovery…." Not only has Mr. Chandler failed to carry his threshold burden of showing spoliation of any particular evidence, he cannot show the evidence could not have been obtained through other means. Mr. Chandler speculates there may have been Signal messages between Mr. Berlin and Mr. Eringer of some relevance to this case. It is beyond dispute that Mr. Chandler had the opportunity, and took the opportunity, to obtain information concerning communications between Mr. Berlin and Mr. Eringer. He deposed both individuals. He obtained documents from both individuals, including emails from the very time period on which he focuses.[5]

Accordingly, Mr. Chandler cannot meet either of the threshold showings necessary to obtain a sanction. Even were that not the case, the rules of this Circuit counsel the Court to decline any sanction based on Mr. Chandler's tepid showing of spoliation that does not identify any particular documents, does not demonstrate that any relevant documents existed, much less were destroyed, or that he did not have access to the same information by other means.

---

[5] In considering whether Mr. Berlin acted intentionally to deprive Mr. Chandler of evidence of communications with Mr. Eringer, and determining whether a sanction is appropriate, the Court should consider that Mr. Berlin obtained documents from Mr. Eringer and voluntarily shared them with Mr. Chandler ***even without a pending document request***. Far from attempting to prejudice Mr. Chandler by depriving him of evidence, Mr. Berlin bent over backwards to assure that Mr. Chandler had access to the same information as Mr. Berlin.

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, Mr. Chandler's Motion for Sanctions should be denied.

June 17, 2024                                             Respectfully submitted,


<u>*/s/ John P. Dean*</u>
John P. Dean
D.C. Bar No. 362904
Steven M. Oster
D.C. Bar No. 376030

**OSTER McBRIDE PLLC**
1320 19th Street, N.W., Suite 601
Washington, D.C. 20036
(202) 596-5291 (p)
(202) 747-5862 (f)
soster@ostermcbride.com
johndean8@aol.com

*Counsel to Defendants*

-11-

## CERTIFICATE OF SERVICE

I certify I caused a true and correct copy of the attached Opposition to Plaintiff's

Motion for Sanctions to be filed using the Court's CM/ECF system, thereby serving counsel

of record.

June 17, 2024                                            */s/ Steven M. Oster*
                                                        Steven M. Oster