## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER CHANDLER,                )
                                     )
            *Plaintiff*,             )
                                     )
       v.                            )
                                     )   **Case No. 1:18-cv-02136-APM**
DONALD BERLIN, *et al.*,             )
                                     )
            *Defendants*.            )
                                     )
_____     )

### PLAINTIFF CHRISTOPHER CHANDLER'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING HIS MOTION FOR SANCTIONS (ECF NO. 126)

Plaintiff writes to provide supplemental authority regarding the burden of proving the existence or non-existence of ESI within the context of a Rule 37(e) motion for spoliation sanctions, which the Court requested during oral argument on July 1, 2024.

Admittedly, for evidence to have been destroyed, it must have first existed. *Bethel v. Rodriguez*, No. 20-cv-1940, 2022 WL 2157065, at *3 (D.D.C. June 15, 2022); *see also Vasser v. Shulkin*, No. 14-cv-0185, 2017 WL 5634860, at *3 (D.D.C. Nov. 22, 2017)). However, the Federal Rules of Civil Procedure, the D.C. Circuit, and the Supreme Court are all silent regarding the burden of proving or disproving that fact.

At least one court has reasoned that the alleged spoliator should bear the burden of proving that an auto-delete feature did not, in fact, destroy any discoverable material because under longstanding precedent, "[b]urdens of proof generally fall on the party with better access to the information." *Hollis v. CEVA Logistics U.S., Inc.*, 603 F. Supp. 3d 611, 618-19 (N.D. Ill. 2022) (citing *Schaffer v. Weast*, 546 U.S. 49, 60 (2005)). This accords with the flexible and pragmatic approach that the 2015 amendments to Rule 37(e), the D.C. Circuit, and the Supreme Court have endorsed. *See* Fed. R. Civ. P. 37(e) & advisory committee note to 2015 amendment (discussing burden

allocation); *Gerlich v. DOJ*, 711 F.3d 161, 171 (D.C. Cir. 2013) (endorsing flexible approach to burden in context of destroyed documents); *Schaffer*, 546 U.S. at 60.

Other courts have asked the non-spoliating party to prove, by a preponderance of the evidence, that ESI existed.[1] *E.g.*, *Bethel*, 2022 WL 2157065, at *3; *Vasser*, 2017 WL 5634860, at *3-4. A "preponderance of the evidence ... simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *Vasser*, 2017 WL 5634860, at *4 (quoting *Concrete Pipe & Prods. of Calif., Inc. v. Constr. Laborers Pension Tr. for S. Calif.*, 508 U.S. 602, 622 (1993)). It does not require direct evidence or an admission—just *some* evidence from which the Court can infer it is more likely than not that the ESI existed. *See id.* (examining the record and inferring from indirect evidence that "[a]lthough the evidence is relatively thin … Ms. Vasser has satisfied her burden to show by a preponderance of the evidence that the Merit Promotion File contained, not only her application, but also applications of other candidates").

Here, as the Motion explains, Berlin clearly continued using Signal through at least August 2022, and Defendants' claims to the contrary are neither credible nor supported by the record, and all of those electronic communications—by his own admission—were deleted. During his deposition, Berlin employed the present tense while testifying about his use of Signal and his choice to "delete everything on a weekly basis." (ECF No. 126 at 5-6 (citing Berlin Dep., Vol. II, 12:2-25, 22:22-24:18).) When asked whether that practice was "inconsistent" with his document preservation

---

[1] Cases applying that standard generally rely on jurisprudence that predates the substantial revision of Rule 37(e)'s standard in 2015. *See, e.g.*, *Bethel*, 2022 WL 2157065, at *3 (citing *Mahaffey v. Marriott Int'l, Inc.*, 898 F. Supp. 2d 54, 61 (D.D.C. 2012)); *Vasser*, 2017 WL 5634860, at *3-4 (same).

Regardless, none of these facts need to be proven by "clear and convincing" evidence (*see* Defs.' Sanctions Opp'n at 9 (ECF No. 144)), which only applies when a party requests a court exercise its inherent powers to impose default judgment as a sanction. *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995) ("Because the inherent power sanctions of dismissal and default serve the same purposes as contempt … [they] demand the same standard of proof: clear and convincing evidence.").

obligations, he did not say "no, because I stopped deleting them"; rather, he said "I do not" because "I have to delete everything." (*Id.* at 6 (citing Berlin Dep., Vol. II, 24:14-25).) And when asked "[w]ho else do you communicate with via Signal?" Berlin didn't say "no one anymore"; rather, he said, "I can't answer that question, too many people." (*Id.* at 4 (citing 19:17-22).) And during the pre-trial conference, Berlin messaged his counsel on Signal about the case—he is clearly still using the app today.

Further, while admitting he spoke to Eringer on Signal before September 2018 (Pl.'s Sanctions Mot. at 17 (citing Berlin Dep., Vol. II, 8:4-16; 9:12-21) (ECF No. 126)), Berlin never denied continuing to use Signal to speak with Eringer after September 2018. (*See* Defs.' Sanctions Opp'n at 4-6 (ECF No. 144).) And seemed to admit that he had spoken with him about the case (which did not exist before September 2018) through the app. (Pl.'s Sanctions Reply at 3-4 (ECF No. 168).) Instead, Berlin testified that he could not recall when they last spoke on the self-destructing message app, but it could have been in 2022, and they could have just been discussing "chattery." (Berlin Dep., Vol. II, 12:2-19, 13:12-14:6 (ECF No. 126-9).)

Viewed as a whole, this suffices to prove that it's more probable than not that Berlin deleted Signal messages beyond those with his counsel following the initiation of this lawsuit.

And the subject matter of these conversations is not Plaintiff's burden to prove. *See Doe*, 2023 WL 3558038, at *13 ("The District now argues, however, that Doe must prove that the lost text messages were relevant in order to show that they should have been preserved. The Court disagrees."). But while Berlin's counsel elicited testimony that he stopped communicating on Signal about the case or Chandler shortly after litigation commenced, they failed to elicit what Berlin meant by that.[2] (ECF No. 168 at 1-2). But there is reason to believe that Berlin's definitions of "regarding

___

[2] And Berlin essentially refused to answer whenever Plaintiff's counsel pressed him for details thought his deposition.

this case" or " about Chandler" are unduly narrow, given that he did not consider Glenn Simpson's inquiry to be "about the Chandlers," even though his contemporaneous written emails expressly described the inquiry as requesting the Chandler file. (*Compare* Berlin Dep., Vol. I, 24:5-8 (ECF No. 126-8), and Berlin Dep., Vol. II, 9:22-10:1 (ECF No. 126-9) (denying Simpson's inquiry concerned the Chandlers), *with* Pl.'s Ex. B at 1 (ECF No. 126-3).) Unfortunately, Berlin destroyed all documentation that would allow Plaintiff or the Court to independently evaluate the subject matter of the Signal messages for themselves—it cannot be that the success of his scheme means that the Court must now sit powerless.

And Plaintiff further notes that the preservation duty is not limited to documents about the litigation or Chandler—black letter law holds that a party must retain all potentially relevant evidence, which includes all "documents 'made by individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses'; 'documents prepared for those individuals'; 'information that is relevant to the claims or defenses of any party'; and information that is 'relevant to the subject matter involved in the action.'" *Doe v. District of Columbia*, No. 1:19-cv-01173, 2023 WL 3558038, at *13 (D.D.C. Feb. 14, 2023) (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y. 2003); Fed. R. Civ. P. 26). That definition is not limited to evidence that will be admissible at trial and, here, it encompasses all communications involving Berlin, a star witness being used "to support [defendants'] … defenses," and all documents related to Defendants' work providing investigative services, which are "relevant to the subject matter involved in the action." *See id.* Accordingly, to prove the deleted materials were not relevant or that their loss was not prejudicial, Berlin is required to offer more than the testimony he gave. *See OmniGen Rsch. v. Wang*, 321 F.R.D. 367, 372 (D. Or. 2017) (citation omitted) (once the other elements of spoliation have been proven, "the burden of proof logically shifts to the guilty party to

show that no prejudice resulted from the spoliation because that party is in a much better position to show what was destroyed and should not be able to benefit from its wrongdoing").

  If the Court believes that Chandler bears the burden of proving ESI existed and that further evidence is required, he requests that the Court hold his Motion for Sanctions in abeyance pending an evidentiary hearing, during which Berlin and/or Eringer can testify about their use of Signal and the Court can evaluate their credibility. *See, e.g., Prather v. NCL Bahamas LTD*., No. 19-cv-21832, 2019 WL 13189470, at \*3-4 (S.D. Fla. Nov. 20, 2019) (resolving whether a given section of video footage had ever existed by weighing testimony). This could occur during trial following jurors' dismissal for the day or at another time the Court considers appropriate.

Dated: July 2, 2024

        Respectfully Submitted,

        /s/ *Daniel P. Watkins*
        Daniel P. Watkins (*pro hac vice*)
        Megan L. Meier
        Mark R. Thomson
        Amy McCann Roller
        Meier Watkins Phillips Pusch LLP
        919 18th Street, NW, Suite 650
        Washington, DC 20006
        Telephone: (202) 318-3655
        Email: daniel.watkins@mwpp.com
        Email: megan.meier@mwpp.com
        Email: mark.thomson@mwpp.com
        Email: amr@mwpp.com

        *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed using the Court's CM/ECF system and thereby was served on all counsel of record.

Dated: July 2, 2024                     /s/ *Daniel P. Watkins*

                                        Daniel P. Watkins