# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER CHANDLER,** | ) |
| *Plaintiff*, | ) ) ) |
| v. | )    **Case No. 1:18-cv-02136-APM** |
| **DONALD BERLIN,** *et al.*, | ) ) ) |
| *Defendants*. | ) ) |

## STEVEN M. OSTER'S DECLARATION
## IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE THE TRIAL

Steven M. Oster states the following under oath in support of Defendants' Motion to continue the trial based on Mr. Berlin's severe illness.

1. I am over eighteen years of age and of sound mind, and I make this declaration on personal knowledge. I am competent to testify to the facts set forth herein and, if called as a witness and placed under oath, would so testify.

2. I have been a member of the bar of the District of Columbia since 1984. Along with my colleague John Dean, I have represented the Defendants in this case since his first receipt of a demand letter from the Plaintiff.

3. Respectfully, there is sufficient cause to postpone the trial. I have not been able to meet with Mr. Berlin for nearly a month. I have not been able to prepare him for his testimony. I have not even been able to fully explain the decisions the Court rendered on Monday.

4.     I recognize the inconvenience caused to Mr. Chandler and his witnesses, but respectfully suggest a prompt decision will mitigate that inconvenience to some extent.

5.     Mr. Berlin's testimony is of critical importance to his defense. In particular, as Your Honor knows, the question whether Mr. Berlin is liable for actual malice in connection with the Limited Report and its publication to Mr. Eringer and the Prince is a subjective test. Therefore, his testimony is the centerpiece of his defense in this case. At present, I can only communicate with him by short Signal or Email messages. It is clear from his responses and my having to repeat the same information to him that he is not capable of defending himself and testifying on his own behalf, particularly given the likelihood of Plaintiff's counsel's aggressive cross-examination.

6.     In my opinion he will not be able to follow the trial, not be able to respond in his interest to an aggressive cross-examination, and will not be able to communicate to the jury what he relied on and why in preparing the Limited Report.

7.     But for his illness, Mr. Berlin would not be in favor of a continuance. Instead, he wants the opportunity to clear his name and "end the five-year nightmare," to use his own words.

8.     I have respectfully and carefully considered Mr. Watkins' request to share medical records and even conduct an IME based on his statement that if the second opinion is consistent with the current opinion, Mr. Chandler would not oppose a continuance. Respectfully, I do not believe that to be in Mr. Berlin's interest. His condition, and his ability to testify and defend himself, is severely compromised by pernicious weakness and fatigue. A second opinion will not change that. Ultimately the decision to grant Defendants' motion is

within this Honorable Court's discretion and a conflicting opinion will not inform the Court's decision. Instead, it will merely cause delay and, as noted above, will not affect Mr. Berlin's condition.

9. I respectfully request the Court take notice of his and his physician's statements concerning his ability to participate in a trial and grant a continuance to next month when he is expected to recover from his present illness.

I declare under penalty of perjury, according to the laws of the District of Columbia, that the preceding is true and correct.

July 3, 2024                                  */s/ Steven M. Oster*
                                              Steven M. Oster