UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER CHANDLER, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 1:18-cv-02136-APM |
| ) | |
| v. ) | |
| ) | |
| DONALD BERLIN, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## SUPPLEMENTAL SUBMISSION REGARDING "ORACLE" DOCUMENTS
## (DEF. EXS. 2, 3, 6)

On June 5, 2024, Plaintiff filed two related motions in limine to exclude information and evidence derived from the so-called "Oracle" system, Bill Lofgren, and Clair George. (*See* Pl.'s MIL re: Alternative Defamers, ECF No. 120; Pl.'s MIL re Multiple Hearsay, ECF No. 123.) The Court granted Mr. Chandler's two motions in part, stating that:

> Plaintiff's Motion in Limine to Exclude Testimony Regarding Alternative Defamers, ECF No. 120, is granted in part and denied in part. The motion is denied insofar as Defendant Berlin may testify as to the human sources he used to draft the Pitch. It is granted insofar as Defendants are precluded from arguing that Robert Eringer's receipt of the same information from Clair George and William Lofgren absolves Defendants of liability.
>
> Plaintiff's Motion to Exclude Multiple Hearsay from the So-Called Oracle System, Clair George, and William Lofgren, ECF No. 123, is granted in part and denied in part for the same reasons.

(Omnibus MIL Order, ¶ 2 (ECF No. 182)).

During Monday's conference, the Defendants disclosed a new non-hearsay purpose for the "Oracle" documents. They claimed they would be used to corroborate Mr. Berlin's testimony that he had heard the disputed claims from Clair George and Bill Lofgren, on the theory that they demonstrate Clair George and Bill Lofgren were saying those things to other people too (not that

Mr. Berlin had actually received and relied upon these documents).

While a Circuit split exists, in the D.C. Circuit, "[c]orroboration … does not provide a separate basis for admitting evidence" rather it must "corroborate other evidence by proving a proper element" and without an independent source of relevance "it [is] inadmissible to corroborate … testimony." *United States v. Linares*, 367 F.3d 941, 949 (D.C. Cir. 2004); *Paul T. Stone, Inc., v. Metzler*, 98 F.2d 231, 232 (D.C. Cir. 1938) ("where [a] memorandum does not appear to be one as to which the party against whom it is offered has knowledge and is wholly for the purpose of corroborating the evidence of the [other party] it is inadmissible"). As courts have explained, allowing otherwise prohibited evidence to be freely used for corroboration would gut the other evidentiary rules. *Linares*, 367 F.3d at 948-49 ("*Bowie* does not stand for the proposition that otherwise-inadmissible propensity evidence can be introduced under Rule 404 to corroborate non-propensity evidence. If it could, then propensity evidence would always be admissible.").

Here, the so-called "Oracle" documents are out of court statements and Mr. Berlin never reviewed them before publishing his report about Mr. Chandler (PX-1), so they are irrelevant to actual malice, which is a purely subjective inquiry. *McFarlane v. Esquire Mag.,* No. CIV. 92-0711 TAF, 1994 WL 510088, at *10 (D.D.C. June 8, 1994) ("Because defendants did not rely on these exhibits, the exhibits are not relevant to whether defendants acted with actual malice."), *aff'd*, 74 F.3d 1296 (D.C. Cir. 1996); *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 46-47 (D.D.C. 2002) ("any analysis of liability for the publication of defamatory falsehoods may consider only information that was known and considered by defendants at the time of publication"); *Montgomery v. Risen*, 197 F. Supp. 3d 219, 260 (D.D.C. 2016), *aff'd,* 875 F.3d 709 (D.C. Cir. 2017) (collateral documents containing hearsay are inadmissible **unless** "they [are] introduced for the non-hearsay purpose of showing the Defendants' subjective knowledge or state of mind

regarding the veracity of the" publication.").

Accordingly, they lack any non-hearsay purpose and are barred by the hearsay rule. "Corroboration" of other evidence cannot be used as an end run around that reality.

Dated: October 10, 2024

/s/ Amy McCann Roller
Amy McCann Roller (DC Bar No. 1044199)
Megan L. Meier (DC Bar No. 985553)
Daniel P. Watkins (*pro hac vice*)
Mark R. Thomson
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 318-3655
Email: megan.meier@mwpp.com
Email: daniel.watkins@mwpp.com
Email: mark.thomson@mwpp.com
Email: amr@mwpp.com

*Counsel for Plaintiff*