UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER CHANDLER, )<br>)<br>    *Plaintiff*, )<br>)<br>    v. )<br>)<br>DONALD BERLIN, *et al.*, )<br>)<br>    *Defendants*. )<br>)<br>_____ ) | **Case No. 1:18-cv-02136-APM** |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION

On Friday afternoon, the jury asked the Court: "Can the jury recommend nonmonetary awards; e.g., signed statements and/or apologies?" The Court correctly instructed the jury that the answer to its question was "No." The Court should not reverse that instruction and should, instead, decline Defendants' latest invitation to error.

The Court's instruction was consistent with what other courts have done in similar circumstances going back more than a century.[1] Defendants do not identify—and Plaintiff cannot find—a single case in which a jury verdict has been vacated because of an instruction like the one this Court issued on Friday. In fact, Defendants' sole authority for their Emergency Motion identifies several instances of appellate courts ***vacating*** jury verdicts in criminal cases because trial courts permitted juries to make statements like the one Defendants apparently seek here. *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 463 (2d Cir. 1996) (citing cases). The surest way to avoid vacatur of the jury's verdict in this case is to leave Friday's instruction undisturbed.

---

[1] *E.g.*, *Conney v. Regents of Univ. of Cal.*, 2006 WL 2730353, at *14 & n.18 (Cal. Ct. App. Sept. 26, 2006) (trial court answered a similar jury question exactly as this Court did); *McCormick v. Hawkins*, 169 Mich. 641, 648-49 (1912) (affirming trial court's instruction to jurors that they could not compel a retraction); *see also Sargeant v. Serrani*, 886 F. Supp. 657, 666 n.12 (D. Conn. 1994) (explaining that the court previously rejected the jury's verdict assessing zero damages and asking the defendant to apologize, since that verdict was incompatible with the court's instruction that the jury could find either substantial or nominal damages).

Defendants cite the *Vichare* decision as though it compels an instruction like the one they request. It doesn't. The *Vichare* decision establishes the narrow principle that a court's allowing a jury to issue a statement that is clearly distinct from its verdict does not necessarily invalidate the verdict, provided it is clear that the statement did not affect the verdict. *Id.* at 463-64. Notably, the *Vichare* court simultaneously emphasized that it "**consider[ed] the practice of allowing such statements to be a precarious one to be used sparingly**," as "there is always the danger that the **opportunity to make a statement will infect the jury's deliberations and spoil a jury** that would otherwise have yielded a proper verdict." *Id.* at 463 (emphasis added). Defendants' Emergency Motion gives no compelling reason why this Court should court that danger.

Crucial factual distinctions between *Vichare* and this case illustrate why the *Vichare* decision does not compel or even suggest a departure from this Court's Friday-afternoon instruction. The jury in *Vichare* asked, "May we preface our decision with a statement from the jury?" *Id.* The jury's question, as the Second Circuit took pains to highlight, clearly and unequivocally distinguished between the jury's decision, *i.e.*, its verdict, and the statement the jury wished to read. *Id.* To the extent there was some doubt about the jury's understanding that its statement was separate from its verdict, the jury removed it with a follow-up note to the court asking, "that our statement be read prior to our verdict." *Id.* An essential point in *Vichare* was that, based on the record, no one could reasonably conclude that the jury had allowed its statement to infect its verdict; clearly, the statement and verdict were analytically and practically separate. *Id.* That's why the Second Circuit let the verdict stand despite the statement.[2]

---

[2] It's also worth noting that the statement in *Vichare* was not addressed as a recommendation to the Court or the parties. It was simply a message that the jury believed the misconduct at issue in that case was unacceptable, regardless of whether it gave rise to liability. A statement like that—simply expressing the jury's disapproval—is markedly less likely to be confused for a verdict than is a statement recommending to the court that the defendant take some action to make the plaintiff whole, which is what Defendants apparently have in mind here.

The jury's question in this case, by contrast, does not clearly and unequivocally distinguish between the jury's verdict and any non-monetary award. Quite the opposite (and unlike the note in *Vichare*), the jury's note in this case described the hypothetical "signed statements and/or apologies" as "**nonmonetary awards**." The phrase "nonmonetary awards" strongly suggests that the jury views the statements or apologies as part of its verdict, which is exactly the sort of error the Second Circuit warned could transpire when jurors are authorized to "make a statement." *Id.*

Far from curing that problem, Defendants' proposed instruction pushes the Court to lean into it. The proposed instruction tells jurors to include any recommendation "on your verdict form." (ECF No. 218 at 3-4.) By directing jurors to include a recommendation on the verdict form, Defendants' proposed instruction would exacerbate the risk that jurors would treat any "recommendation" as relating to the verdict in this case, regardless of whether the recommendation was binding.

The context for Defendants' Emergency Motion further cuts against their request. The Court is instructing a group of lay jurors who presumably do not know that a court's recommendation, without any enforcement mechanism, is worth nothing. As the parties agreed on Friday, the First Amendment likely prohibits the Court from compelling or pressuring Defendants to apologize to Plaintiff or issue any sort of signed statement. Inviting the jury to issue a recommendation that the Court and the parties know is worthless is needlessly misleading at best and cynical at worst. It encourages the jury to impermissibly diminish its award based on the fiction that Defendants might apologize if the jury recommends it. The jury's charge is to render a verdict based on the facts adduced at trial, not based on some imaginary world where Defendants, after six years of litigation, suddenly express remorse on a purely voluntary basis.

Defendants have not identified any reason to think this Court's Friday-afternoon instruction was error. They certainly have not provided a sufficient rationale for the Court to assume the risk of issuing an instruction that Defendants' best and only precedent characterizes as "precarious" and

3

advises should only be used "sparingly." *Vichare*, 106 F.3d at 463. Defendants have not, in short, come close to meeting their heavy burden for justifying reconsideration of the Court's Friday-afternoon instruction. Their Emergency Motion should be denied so as to reduce the risk that the parties will have to redo trial years from now.

Dated: October 20, 2024

Respectfully Submitted,

/s/ *Mark Thomson*

Megan L. Meier
Daniel P. Watkins (*pro hac vice*)
Mark R. Thomson
Amy McCann Roller
Meier Watkins Phillips Pusch LLP
919 18th Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 318-3655
Email: megan.meier@mwpp.com
Email: daniel.watkins@mwpp.com
Email: mark.thomson@mwpp.com
Email: amr@mwpp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed using the Court's CM/ECF system and thereby was served on all counsel of record.

October 20, 2024                     /s/ *Mark Thomson*
                                     Mark Thomson