# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTOPHER CHANDLER,** | ) |
| *Plaintiff*, | ) |
| v. | )    **Case No. 1:18-cv-02136-APM** |
| **DONALD BERLIN,** *et al.*, | ) |
| *Defendants.* | ) |

### STEVEN M. OSTER'S DECLARATION IN SUPPORT OF
### DEFENDANTS' MOTION FOR A NEW TRIAL PURSUANT TO RULE 60

Steven M. Oster states the following under oath in support of Defendants' Motion to continue the trial based on Mr. Berlin's severe illness.

1.  I am over eighteen years of age and of sound mind, and I make this declaration on personal knowledge. I am competent to testify to the facts set forth herein and, if called as a witness and placed under oath, would so testify.

2.  I have been a member of the bar of the District of Columbia since 1984. Along with my colleague John Dean, I have represented the Defendants in this case since his first receipt of a demand letter from the Plaintiff.

3.  On October 17, 2024, Robert Eringer testified in this case on behalf of the Defendants.

4.  Shortly prior to his planned testimony, on October 12, 2024, Plaintiff's counsel sent Mr. Eringer a letter threatening to bring a defamation action against him arising out of an email he sent to Defendant Donald Berlin in 2017. (DX-165, attached hereto as Ex. A.)

5.  During a colloquy concerning the admissibility of the letter, counsel for the Plaintiff, Christopher Chandler, denied that the letter threatened Mr. Eringer with litigation.

6.  On Saturday, November 16, Mr. Eringer called me and said he had received an Initial Scheduling Order from the District of Columbia Superior Court ordering him to appear remotely on January 17, 2025, in a new lawsuit entitled *Christopher Chandler v. Robert Eringer*, No. 2024-CAB-0006543. (Ex. B.)

7.  I do not represent Mr. Eringer, but asked if he had been served with the lawsuit. He told me he had not been served. I advised him to obtain counsel. To my knowledge, Mr. Eringer resides in California.

8.  Using the Superior Court's case search tool, I located a Complaint for Defamation filed on behalf of Mr. Chandler against Mr. Eringer by the same counsel who represented Mr. Chandler in this case. The Complaint was electronically filed in Superior Court on October 16, 2024, at 1:47 PM, during this case. I did not send the Complaint to Mr. Eringer. It is attached hereto as Ex. C.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct.

November 27, 2024                    */s/ Steven M. Oster*
                                      Steven M. Oster



**Megan L. Meier**
megan.meier@mwpp.com
(202) 280-4454

**Daniel P. Watkins***
daniel.watkins@mwpp.com
(202) 256-4482

* Admitted to Practice Only in the Commonwealth of Virginia

October 12, 2024

DEFENDANT'S EXHIBIT
**A**

Robert Eringer
reringer@gmail.com

    Re:    *False Claims Concerning Christopher Chandler*

Mr. Eringer:

    We represent Christopher Chandler.

    A few days ago, we discovered that you sent an email falsely accusing Mr. Chandler of being behind a Swiss company named Sovereign, which was shut down by Swiss authorities for laundering money for Russian interests. Specifically, you falsely claimed: "I have no doubt that the Swiss Sovereign was Chandler," and you falsely accused him of being involved in "a very slick Russian operation without a paper trail."

    As you know, that is false. Mr. Chandler has never had any connection to any Swiss Sovereign company involved in money laundering, and that lie has been refuted by the Swiss authorities and conclusively put to rest by the United States District Court for the District of Columbia.

    Therefore, to mitigate the harm that you have caused Mr. Chandler, please promptly retract and apologize for that false and defamatory claim.

    Please confirm that you are preserving all Signal messages, texts, emails, documents, and any other kind of materials that relate to Mr. Chandler in any way.

    Reserving all rights,

*/s/ Megan L. Meier*       */s/ Daniel P. Watkins*

Megan L. Meier      Daniel P. Watkins

919 18th Street, NW, Suite 650, Washington, DC 20009    Tel: (202) 318-3655

DEFENDANTS EXHIBIT
**165**



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**



**Case Number:** 2024-CAB-006543

**Case Style:** Christopher Chandler v. Robert Eringer

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 01/17/2025 | 9:30 AM | Remote Courtroom 517 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Shana Frost Matini.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb517

    Meeting ID: 129 911 6415

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩን የጽሀፈ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

### How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



### How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

### Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at [www.dccourts.gov/services/represent-yourself](www.dccourts.gov/services/represent-yourself) by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

### Tips for the Hearing 

- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

### Special Tips for Video Hearings 
[**(Click here for more information)**](#)

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

 

# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

**The remote site locations are:**



| | |
|---|---|
| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** *No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

*You should bring the following items when you come to your scheduled site location*

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de l**unes a viernes, de 8:30 am a 4:00 pm**.

**Los centros de acceso remoto son:**

| | |
|---|---|
| **Sitio Remoto - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sitio Remoto - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Sitio Remoto - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sitio Remoto - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Sitio Remoto - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Sitio Remoto - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*No se puede entrar sin cita previa* |



Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov **al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.** Si necesita adaptaciones especiales, como un intérprete para la audiencia, llame **al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
10/16/2024 1:47:17 PM
Superior Court
of the District of Columbia

DEFENDANT'S
EXHIBIT

C

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| CHANDLER, CHRISTOPHER<br>919 18th Street, NW, Suite 650<br>Washington, DC 20006<br>Plaintiff,<br><br>v.<br><br>ERINGER, ROBERT<br>1187 Coast Village Road<br>Suite 1-300<br>Santa Barbara, CA 91038,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2024-CAB-006543<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Christopher Chandler files this defamation lawsuit against Robert Eringer for falsely accusing him of operating a front company to launder money for Russian organized crime.

2. As Mr. Eringer knows, that accusation is false, and a federal court has already determined that the accusation is false.

**PARTIES**

3. Plaintiff Christopher Chandler is a citizen of New Zealand and resides outside the United States.

4. Defendant Robert Eringer is a citizen and resident of California. He formerly resided in the District of Columbia and continues to visit the District of Columbia periodically—most recently in October 2024. Mr. Eringer has repeatedly transacted business with companies located in the District of Columbia, including by contracting with Investigative Consultants, Inc. of Washington, DC and Investigative Consultants, Inc. (collectively "ICI"), both of which maintain an office at 2020 Pennsylvania Avenue, Washington, DC. Mr. Eringer has repeatedly met with ICI's CEO in the District of Columbia. He has also sent defamatory emails—including

1

the defamatory email giving rise to this action—to the work email address of ICI's CEO, in response to emails reflecting that ICI's physical address is in the District of Columbia. On information and belief, Mr. Eringer has made other defamatory statements about Mr. Chandler to ICI's CEO and his representatives while Mr. Eringer was physically present in the District of Columbia. And Mr. Eringer has purchased goods and services in the District of Columbia during those visits to the District of Columbia. For all those reasons, this Court has jurisdiction over Mr. Eringer pursuant to § 13-423 of the District of Columbia Code.

5. Venue in this Court is proper because the District of Columbia has personal jurisdiction over Mr. Eringer.

## COUNT ONE – LIBEL *PER SE*

6. Mr. Chandler repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

7. On October 22, 2018, Mr. Eringer sent an email to ICI's CEO, hyperlinking to a now-retracted story referencing Mr. Chandler and titled "The Chandlers, Money Laundering, Organised Crime, The Russian Mafia and a 'Men's Club' in Thailand." ICI's CEO replied by asking whether the "Sovereign" cited in the article was "the same Sovereign involving our Mr. Chandler or the alleged mistaken one they claimed I entered into my limited scan?" In response to ICI's email, Mr. Eringer admitted that he knew that Mr. Chandler "denies that the Swiss Sovereign [company] was him, 'mistaken identity,'" but Mr. Eringer falsely claimed that Mr. Chandler was part of "a very slick Russian operation without a paper trail" and that there was "no doubt that the Swiss Sovereign was Chandler" and that Mr. Chandler and his "Russian operation" "left in the middle of the night and secretly set up ops in Monaco." (Ex. A.)

8. Read as a whole, Mr. Eringer's emails to ICI falsely accuse Mr. Chandler of

2

operating a front company named "Sovereign" to launder money for Russian organized crime.

9.  The now-retracted story that Mr. Eringer cited in his email specifically identified Mr. Chandler as being behind a "Sovereign" company that was shut down by Swiss authorities for laundering money for the Russian mafia. Mr. Eringer's reply to ICI's question about "Sovereign" incorporates that context, falsely claiming that the company referenced in the article "was Chandler" and falsely claiming that Mr. Chandler ran a "very slick Russian operation without a paper trail" that "secretly set up ops in Monaco."

10. The false accusations are of and concerning Mr. Chandler. In the defamatory emails, Mr. Eringer specifically identifies Mr. Chandler by name and cites to a now-retracted story about him.

11. The accusations are libelous *per se* because they falsely impute the commission of indictable offenses involving moral turpitude that injure one's social standing.

12. As a federal court already determined, the accusations are false.

13. Mr. Eringer acted with actual malice, knowing or recklessly disregarding that his accusations are false. Evidence of his actual malice includes the following:

- **Purposeful avoidance of the facts.** As has long been readily knowable from information in the public domain, "Sovereign" is a word that is commonly used in company names all over the world, and the Sovereign company that was shut down for money laundering was founded in Switzerland in the 1970s when Mr. Chandler was a teenager living in New Zealand.

- **Inherent improbability.** Mr. Eringer's false accusation is inherently improbable because it is internally inconsistent: a criminal mastermind running a "very slick operation without a paper trail" wouldn't have ***left a paper trail*** by "set[ting] up ops in Monaco" using a name that was similar to the name of the Swiss company that had been shut down for money laundering.

- **Subjective knowledge of falsity.** In his defamatory email exchange, Eringer admitted to knowing that Mr. Chandler had explained that this was a case of "mistaken identity" between his Monaco-based company and the unrelated Swiss-based company that had been shut down for money laundering.

3

- **Disregard of facts in favor of a preconceived narrative.**  Over twenty years ago, Mr. Eringer profited by falsely accusing Mr. Chandler of operating the Swiss Sovereign as a front company to launder money for Russian organized crime.  Since that time, Mr. Eringer has learned of numerous facts disproving his false claim, yet—rather than admitting that he was wrong—he has intentionally disregarded the evidence and remained steadfastly committed to his false preconceived narrative.

- **Knowledge of federal court case determining that the allegations are false.**  More than a month before his defamatory emails to ICI, Mr. Eringer was on notice that the charges were false, thanks to another defamation lawsuit filed over the same accusations.  Mr. Eringer later testified and produced documents in connection with that case, but he was not able to point to any evidence supporting the false accusations, and the federal court in that case determined that the accusations were false.

- **Failure to retract.**  To this day, even after searching and failing to come up with *any* evidence to support his decades-long crusade against Mr. Chandler, and even after learning that a federal court had determined that the accusations are false, and even after the story he emailed ICI's CEO was retracted, and even after Mr. Chandler specifically demanded that he retract his false accusations, Mr. Eringer has not retracted his false accusations.

14. Despite exercising reasonable due diligence, Mr. Chandler did not learn about Mr. Eringer's defamatory October 22, 2018 emails until October 8, 2024.  Before that time, Mr. Chandler's efforts to discover the communications between Mr. Eringer and ICI were frustrated by an improper assertion of the attorney work product doctrine that was recently overruled by a federal court.

15. Four days after learning about Mr. Eringer's defamatory emails, on October 12, 2024, Mr. Chandler's counsel sent Mr. Eringer a letter demanding he retract his false accusations.

16. Mr. Eringer has not retracted his false accusations.

17. Mr. Eringer made the false accusations intentionally, willfully, maliciously, and in conscious disregard of Mr. Chandler's rights and reputation, and of the truth.

18. Mr. Eringer had no applicable privilege or legal authorization to publish the false and libelous statements.

4

19. Mr. Eringer is liable to Mr. Chandler for presumed damages and compensatory damages arising out of his defamation of Mr. Chandler.

20. Mr. Eringer is also liable to Mr. Chandler for punitive damages because of the wanton and outrageous nature of his conduct.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Chandler respectfully requests that this Court enter an award and judgment in his favor, and against Mr. Eringer as follows:

(a) Awarding Mr. Chandler compensatory damages in an amount to be determined at trial;

(b) awarding Mr. Chandler punitive damages in an amount to be determined at trial;

(c) awarding Mr. Chandler all expenses and costs, including attorneys' fees; and

(d) such other and further relief as the Court deems appropriate.

## JURY DEMAND

Mr. Chandler demands a trial by jury on all claims and issues so triable.

Dated: October 16, 2024        Respectfully Submitted,

/s/ Megan L. Meier

Megan L. Meier
Daniel P. Watkins (*pro hac vice* forthcoming)
Mark R. Thomson
Amy McCann Roller

MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 318-3655
Email: megan.meier@mwpp.com
Email: daniel.watkins@mwpp.com
Email: mark.thomson@mwpp.com
Email: amr@mwpp.com

*Attorneys for Plaintiff*

5